GENERAL MOTORS ACCEPTANCE CORPORATION *v.*
LINDA PUMPHREY ET AL.
(5380)

DUPONT, C. J., STOUGHTON and FOTI, Js.

Argued November 4, 1987—decision released January 12, 1988

*Michael P. Del Sole,* with whom, on the brief, was *Vincent J. Beirne,* for the appellant (third party defendant Aetna Casualty and Surety Co.).

*Michael Brodinsky,* for the appellees (defendants-third party plaintiffs).

DUPONT, C. J. This is an appeal from the trial court's denial of the third party defendant's motion to open judgment. The basic issue to be decided is whether the failure to issue a summons to a party precluded the court from obtaining personal jurisdiction over that party, thereby voiding a judgment by default for failure to appear rendered more than four months prior to the motion to open the judgment.

The plaintiff, General Motors Acceptance Corporation (GMAC), brought an action against the defendants, Linda and Stephen Pumphrey, for failure to make payments pursuant to a retail installment contract for the purchase of an automobile. Payments apparently ceased after a collision involving the vehicle. The defendants claimed by way of special defense that the plaintiff had represented that it would obtain collision insurance for the automobile.

The defendants' motion to implead Aetna Casualty and Surety Company (Aetna) was granted by the trial court.[1] The defendants claimed that there was an insurance policy in force between GMAC and Aetna covering the automobile. The record indicates that Aetna was served with a copy of the third party complaint, the order granting the motion to implead, and a copy of the original writ of attachment and complaint against the third party plaintiffs. The order granting the motion

---

[1] General Statutes § 52-102a provides, in pertinent part: "(a) A defendant in any civil action may move the court for permission as a third-party to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.

"(b) The writ, summons and complaint so served shall be equivalent in all respects to an original writ, summons and complaint . . . ."

The defendants' motion to implead a second insurance company, Aetna Insurance Company, was also granted.

to implead contained a return date but Aetna was never served with a third party writ of summons.

GMAC's motion for default against Aetna for failure to appear was granted by the trial court.[2] No notice of the granting of the motion was sent to Aetna in accordance with Practice Book §§ 352 (b) and 121 (b) which require service of the defaulting party with a copy of the motion.[3] Pursuant to a stipulation of the appearing parties, a trial referee found that judgment should enter for the plaintiff against the defendants in the amount of $12,812.27, together with $123.20 in costs, and in favor of the third party plaintiffs, Linda and Stephen Pumphrey, against the third party defendant, Aetna, in the amount of $12,935.47, with costs of $31.80. Judgment was rendered by the trial court on December 10, 1985, in accordance with the referee's report. Aetna did not receive notice of the judgment.[4] The third party plaintiffs' application for bank execution proceedings against Aetna dated April 24, 1986, was subsequently granted which resulted in satisfaction of the judgment.

On June 23, 1986, Aetna filed an appearance and a motion to open the judgment. In its motion, it alleged that the judgment of the trial court concerning Aetna

[2] No motion for default against Aetna Insurance Company was ever made and Aetna Insurance Company is not involved in this case.

[3] The default entered on October 15, 1984. The third party plaintiffs certified notice of the motion for default to all counsel of record. Since the third party defendant had no counsel of record, it did not receive notice. The third party plaintiffs argue that the third party defendant had actual notice of the litigation because the latter received a certified letter from an attorney for the third party plaintiffs notifying it that he had inadvertently filed an appearance on behalf of Aetna. The letter, however, is dated April 18, 1985, six months after the default had entered.

[4] Practice Book § 354 requires that "[a] notice of every . . . judgment after default for failure to enter an appearance, which notice includes the terms of the judgment, shall be mailed forthwith by counsel of the prevailing party to the party against whom it is directed . . . ."

was void for lack of in personam jurisdiction because Aetna was never served with a third party writ of summons. The trial court denied the motion to open judgment. The trial court stated in its memorandum of decision that Aetna had not demonstrated reasonable cause for its failure to file the motion to open within four months following judgment, as required by General Statutes § 52-212 (a) and Practice Book § 326.[5]

Service of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction over that party. *White-Bowman Plumbing & Heating, Inc.* v. *Biafore,* 182 Conn. 14, 16–17, 437 A.2d 833 (1980); *Clover* v. *Urban,* 108 Conn. 13, 17, 142 A. 389 (1928). "In the absence of a voluntary appearance, the issuance and service of process or notice is indispensable to the jurisdiction of a court to determine the adverse claims of parties to the litigation. Until notice is given to the defendant of the action or proceedings against him, and he is thereby given opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment against him even though it may have jurisdiction of the

[5] General Statutes § 52-212 provides in pertinent part: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

Practice Book § 326 provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court."

subject matter. One who is not served with process does not have the status of a party to the proceeding. The parties and their case must be brought before the court, and this is accomplished by the use of process." 62 Am. Jur. 2d, Process § 3. A court has no jurisdiction over persons who have not been made parties to the action before it. See *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987); *Graham* v. *Zimmerman,* 181 Conn. 367, 373, 435 A.2d 970 (1980).

The third party defendant in this case did not receive service of process as required by General Statutes § 52-45a.[6] A writ must contain a direction to a proper officer for service and a command to summon the defendant to appear in court. *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 340, 170 A.2d 732 (1961). If there is no writ of summons attached to a complaint, the court lacks jurisdiction. See *Basilicato* v. *Department of Public Utilities Control,* 197 Conn. 320, 497 A.2d 48 (1985). The trial court never gained the in personam jurisdiction over the third party defendant which is necessary to impose a binding judgment because the third party defendant never received a writ of summons. A court is without power to render a judgment if it lacks jurisdiction of the parties or of the subject matter. In such cases, the judgment is void, has no authority, and may be impeached. *Broaca* v. *Broaca,* 181 Conn. 463, 468, 435 A.2d 1016 (1980). A trial court's authority to open such judgments does not arise from General Statutes § 52-212 (a) or Practice Book § 326 but from its inherent power to open a judgment rendered without jurisdiction. Id., 466–67.

---

[6] General Statutes § 52-45a provides: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance." General Statutes § 52-102a (b) provides that the writ, summons and complaint served on a third party defendant shall be "equivalent in all respects to an original writ, summons and complaint."

"No principle is more universal than that the judgment of a court without jurisdiction is a nullity. . . . Such a judgment, whenever and wherever declared upon as a source of right, may always be challenged." *Samson* v. *Bergin,* 138 Conn. 306, 312, 84 A.2d 273 (1951). "If a court has never acquired jurisdiction over a defendant or the subject matter . . . any judgment ultimately entered is void and subject to vacation or collateral attack." *Broaca* v. *Broaca,* supra, 468.

The ability of the third party defendant to challenge the jurisdiction of the trial court is not prejudiced by its failure timely to file a motion to open judgment pursuant to Practice Book § 326. "After the expiration of the four month period provided by § 326 a judgment may not be vacated upon the sole ground that it is erroneous in matter of law, except by a court exercising appellate or revisory jurisdiction . . . unless the error is one going to the jurisdiction of the court rendering the judgment. *Kalinick* v. *Collins Co.,* 116 Conn. 1, 7–8, 163 A. 460 (1932). The court does have inherent authority . . . at any time to open and modify a judgment rendered without jurisdiction." *Misinonile* v. *Misinonile,* 190 Conn. 132, 134–35, 459 A.2d 518 (1983); see *Bartels* v. *International Commodities Corporation,* 435 F. Sup. 865, 867 (D. Conn. 1977).

The failure of the third party plaintiff to effect service of a writ of summons on Aetna resulted in Aetna never actually becoming a party to the trial court's proceedings. Our Supreme Court long ago stated that "the judgment of a court of even general jurisdiction cannot affect a person who had no notice to appear. As to him the proceedings are *corum non judice.*" *Parsons* v. *Lyman,* 32 Conn. 566, 577 (1863).

The third party plaintiffs also argue that a satisfied judgment cannot be opened by a court. They cite no Connecticut authority for this proposition. The payment

by Aetna of the judgment was involuntary and does not preclude an appeal or preclude the opening of the judgment on appeal. *Reilly* v. *State,* 119 Conn. 217, 222, 175 A. 582 (1934); see also annot., 39 A.L.R.2d 153.

There is error, the judgment against the third party defendant is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.