[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION TO DISMISS #115 CT Page 1470
By five count complaint filed June 26, 1992, the plaintiffs, Carolyn Geyer, Peter Geyer and Brian Geyer, instituted this action against the defendants Kirk Watrous and Grossman's Fish Market (hereinafter "original defendants"), for injuries sustained in a two vehicle accident. The plaintiffs allege that the accident occurred at the intersection of Montauk Avenue and Glenwood Avenue in New London, Connecticut. The plaintiffs further allege that their vehicle was struck by a vehicle operated by the defendant, Kirk Watrous, and owned by the defendant, Grossman's Fish Market.
On November 23, 1992, the original defendants filed a motion to cite in the city of New London as an additional defendant. On December 7, 1992, the motion to cite in the city of New London was granted by the court, Hendel, J.
An amended complaint, adding a sixth count to the original complaint, was filed by the original defendants on August 12, 1993. The original defendants allege in the sixth count of the amended complaint that the city of New London was negligent in its failure to remove and/or trim brush and vegetation which obscured a stop sign at the intersection in question. The original defendants further allege that the negligence of the city of New London was the proximate cause of the plaintiffs' injuries.
On October 8, 1993, the defendant, city of New London, filed a motion to dismiss the sixth count of the amended complaint on the grounds that: (1) General Statutes52-102 and 52-572h are not applicable in a highway defect action; (2) the amended complaint fails to comply with the statutory requirements of General Statutes 13a-149; and (3) the amended pleading is fatally defective.
On December 1, 1993, the plaintiffs filed a memorandum of law in opposition to the defendant's motion to dismiss, arguing (1) that the defendant's arguments should be addressed through a motion to strike; and (2) that the doctrine of the law of the case defeats the defendant's claims.
The motion to dismiss is the proper vehicle to assert insufficiency of service of process. General Motors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223, 227, 535 A.2d 396
CT Page 1471 (1988). "Service of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction over that party." Id. Whenever it is found that the court lacks jurisdiction, the court must dismiss the action. Practice Book 145.
A motion to cite in pursuant to General Statutes 52-102
is the proper procedural vehicle to bring a person into an action as a party defendant for the purpose of apportioning damages under General Statutes 52-572h. Espowood v. Springfield Terminal Railway Co., 8 CSCR 978, 980 (August 5, 1993, Stanley, J.). A person is made a party to an action by service of a writ of summons and complaint on that person by the plaintiff in the action. Espowood v. Springfield Terminal Railway Co., supra; Freeland v. Atlantic Waste Paper9 Conn. L. Rptr. 276 (June 23, 1993, Lager, J.). Because a defendant may not state a cause of action on a plaintiff's behalf, service by the defendant is not sufficient to confer party status on the party served. Id. The court in Freeland stated:
 When a plaintiff has not chosen to sue a particular party for damages, how can an originally sued defendant, who seeks apportionment under 52-572h, subsequently state a cause of action on the plaintiff's behalf and cause a writ, summons and complaint seeking damages to be served upon an added party? Stated more simply the question is: Can a defendant state a cause of action on a plaintiff's behalf? . . — Clearly, the original defendants in this case have no "right to commence and maintain an action." Pickett v. Ruickold, 91 Conn. at 683; Conn. Gen. Stat. 52-45a.
Freeland v. Atlantic Waste Paper, supra, 277.
In the present case, the original defendants have served the amended complaint on the city of New London. The city of New London was not properly cited into the plaintiffs' action for purposes of apportionment. See id. Therefore, the court is without jurisdiction over the city of New London. See General Motors Acceptance Corporation v. Pumphrey, supra, 227. Accordingly, the defendant's motion to dismiss the plaintiffs' amended complaint is granted. CT Page 1472
Austin, J.