[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO DISMISS (File #152 and #158)
This is a breach of contract action, filed March 23, 1993, in which plaintiff, Chase Manhattan Investment Holdings, Inc. (CMIHI), seeks damages from defendants, Chase Communications, Inc. (CCI) and Chase Communications, Corp. (CCC).[1] On May 24, 1993, defendants filed their answer, special defenses and counterclaim, along with a motion to cite in as necessary parties Chase Manhattan Bank, N.A. (CMB), and Chase Manhattan Corp. (CMC), pursuant to Connecticut General Statutes § 52-110 and Conn. Prac. Bk. § 102.[2] The motion to cite in was granted by the court on September 23, 1993.[3]
On July 12, 1993, defendants filed an amended answer, special defenses, and counterclaim, dated July 8, 1993.[4] On September 30, 1993, the defendants served process on CMB and CMC. The process served included a copy of the defendants' motion to cite in additional parties and a writ of summons; it did not include a copy of the counterclaim. On November 9, 1993, appearances were filed on behalf of CMB and CMC, and on that date, CMB and CMC filed a motion to dismiss for insufficiency of process.[5] On November 18, 1993, defendants moved to re-serve CMB and CMC with amended process. On November 29, 1993, the court granted CMB and CMC's motion to dismiss. Thereafter, on November 30, 1993, defendants filed a request for leave to amend their answer, special defenses, and counterclaim to include a seventh special defense, and additional counts against the plaintiff and the cited in parties, CMB and CMC, together with a proposed second amended answer, special defenses, and counterclaim.[6] The court, on December 6, 1993, granted defendants' motion to re-serve CMB and CMC.[7] Defendants re-served CMB and CMC on December 13, 1993. Plaintiff, on December 15, 1993, filed a timely objection to defendants' request for leave to amend their answer, special defenses and counterclaim. On February 4, 1994, CMB and CMC filed a second motion to dismiss (file #152) alleging insufficiency of services predicated on their having CT Page 6552 been served with the proposed second amended counterclaim (filed 11/30/93), and not the operative counterclaim dated July 8, 1993. The 2/4/94 motion to dismiss (#152) was calendared as an arguable matter on February 22, 1994. CMB and CMC filed a memorandum of law (and related documentation) in support of the requested dismissal; thereafter, on February 15, 1994, CCI and CCC filed a memorandum of law in opposition to the motion to dismiss, arguing, in part, that the motion was untimely under Prac. Bk. Section 142. On February 22, 1994, an appearance was filed for CMB and CMC by the same law firm which had initially brought this action on behalf of plaintiff, and which had previously appeared for the cited in parties (CMB and CMC). On the same date (2/22/94), CMB and CMC filed another motion to dismiss (file #158), together with a supporting memorandum of law, which is identical to that filed on February 4, 1994.[8]
The "motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "A defendant may assert insufficiency of process as a ground for a motion to dismiss." Prac. Bk. Section 143;Yanosy v. Delta II, Inc., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 295204 (June 24, 1993);also: Zizka v. Water Pollution, supra.
Defendants were granted permission to cite in CMB and CMC pursuant to General Statutes § 52-110, which provides: "When a counterclaim raises questions affecting the interests of third parties, the defendant may, and if required by the court shall, cause third parties to be summoned in as parties to the action." CMB and CMC contend that the process served upon them was insufficient because it did not include the operative counterclaim. The counterclaim served upon CMB and CMC was the proposed second amended counterclaim filed on November 30, 1993. Plaintiff had filed a timely objection to the defendants' request for leave to amend respecting that counterclaim. Thus, CMB and CMC maintain that the operative counterclaim was that of July 8, 1993, since the court had not yet ruled upon the plaintiff's objection to defendants' request for leave to amend. Therefore, the cited in parties argue that the process with which they were served was inadequate and, for that reason, the court lacks jurisdiction over them. Defendants, on the other hand, maintain that motions to dismiss filed by the cited in parties were CT Page 6553 untimely, resulting in a waiver of any jurisdictional claims; and further, that the court's granting, on December 6, 1993, of authorization to re-serve the added parties did not impose any restrictions regarding which pleading(s) to serve. Defendants also state that they have since mailed a copy of the 7/8/93 amended pleading (answer, special defenses, and counterclaim), and argue that that action would cure any defect in process.
Practice Book § 142 provides that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after entering a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." An appearance was initially filed on behalf of CMB and CMC on November 9, 1993. On November 29, 1993, the court granted CMB and CMC's motion to dismiss and, as stated, they were removed from this action. They were re-served on December 13, 1993, but no appearance was filed on their behalf until 2/22/94. Since Prac. Bk. Section 142 requires merely that the movant file , its motion within thirty days of an appearance, the February 22, 1994 motion was timely.
General Statutes Section 52-45a provides:
 Civil action shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint. (Emphasis added).
It has been stated by the Connecticut Supreme Court that "no service of a writ of summons is valid unless the complaint accompanies it." Gavin v. Birch, 97 Conn. 399, 401,116 A.2d 908 (1922). And, "[f]acts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person . . . . Bridgeport v. Debek,210 Conn. 175, 179, 554 A.2d 728 (1989). "service of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction." General Motors Acceptance Corporation v.Pumphrey, 13 Conn. App. 223, 227, 535 A.2d 396 (1988). Here, leave to file the proposed second amended counterclaim (11/30/93), over plaintiff's objection, had not been granted CT Page 6554 by the court; therefore, that proposed pleading could not function as the operative counterclaim, and by serving it (rather than the 7/8/93 counterclaim), defendants failed to meet the essential statutory requirements for sufficient process. Accordingly, the court lacks jurisdiction over CMB and CMC.[9]
For the stated reasons, the motion to dismiss as to CMB and CMC is granted.
Mulcahy, J.