[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS NO. 114 MOTION TOREOPEN JUDGMENT NO. 113
The defendant moves to dismiss the plaintiff's action on the ground of lack of personal jurisdiction pursuant to Practice Book § 143(5). The defendant argues that service of process was insufficient because he was served at the wrong address.
The sheriff's return indicates that abode service was made to the defendant at 36 Pope Street, Fairfield, Connecticut, on August 29, 1992. The defendant was defaulted on May 6, 1993, and judgment in the amount of $44,971.41 entered against the defendant on April 12, 1994. Counsel appeared for the defendant on August 8, 1994, and filed a motion to open the judgment. On August 10, 1994, the defendant filed the present motion to dismiss. On August 24, 1994, the plaintiff filed an objection to the defendant's motion to open and a memorandum in opposition to the defendant's motion to dismiss. In an affidavit filed in support of the motion to dismiss, the defendant attests that he moved to Trumbull, Connecticut on July 2, 1992, and that he was not living at the Fairfield address at the time process was served.
General Statutes § 52-57(a) provides in part that "process in any civil action shall be served by leaving a true and attested copy of it . . . with the defendant, or at his usual place ofabode. . . (Emphasis added.) "Service of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction over that party."General Motors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223,227, 535 A.2d 396 (1988). It is clear that in the present case, jurisdiction over the person of the defendant was never obtained, as service was not made to the defendant's abode. CT Page 9905
The fact that judgment entered against the defendant based on his failure to appear does not prevent him from moving to open the judgment and raising the issue of lack of personal jurisdiction. Where a person is not properly served with process, he or she "does not have the status of a party to the proceeding." Id., 228. In such a situation, "[the] court has no jurisdiction over persons who have not been made parties to the action," and the court may properly open judgment based on "its inherent power to open a judgment rendered without jurisdiction." Id. "[T]he court may open a judgment rendered without jurisdiction at any time." Murach v. Laing, 8 Conn. L. Rptr. 393
(March 3, 1993, Spear, J.), citing Misinonile v. Misinonile,190 Conn. 132, 134-35, 459 A.2d 518 (1983).
Accordingly, the court opens the judgment as it was rendered without jurisdiction, and hereby grants the defendant's motion to dismiss on the ground of insufficiency of service of process.
MAIOCCO, JUDGE