[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 1, 1992, the plaintiff Lisa Silvernail, filed a divorce action against the defendant, Paul Silvernail. In an affidavit of service filed with the complaint, Sperry DeCew, of DeCew Ford, attorneys for the plaintiff, attests that he served the defendant by handing him an original copy of the complaint and summons, at the law offices of DeCew Ford. The defendant did not file an appearance, and did not attend the dissolution hearing held on October 30, 1992. The defendant filed a motion to reopen and set aside the judgment of dissolution, on the ground of lack of personal jurisdiction due to defective service and return of process, on September 28, 1994.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "`Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person.'" CT Page 3712Castro v. Viera, 207 Conn. 420, 433-34, 541 A.2d 1216 (1988).
General statutes § 52-50(a) provides that "[a]ll process shall be directed to a sheriff, his deputy, a constable or other proper officer authorized by statute . . . . " "In the absence of a voluntary appearance, the issuance and service of process or notice is indispensable to the jurisdiction of a court to determine the adverse claims of parties to the litigation. Until notice is given to the defendant of the action or proceedings against him, and he is thereby given opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment against him even though it may have jurisdiction of the subject matter. One who is not served with process does not have the status of a party to the proceeding. The parties and their case must be brought before the court, and this is accomplished by the use of process . . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (citation omitted; internal quotation marks omitted.) General Motors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223,227-28, 535 A.2d 396 (1988).
The court in Allen v. Freedman, 11 Conn. L. Rptr. 504, 506 (April 27, 1994, DeMayo, J.) determined that the hand delivery of a summons by the plaintiff's counsel to the defendant's counsel did not adhere to the requirements of General statutes § 52-50. Similarly, in this case, the hand delivery of a copy of the summons and complaint by plaintiff's counsel to the defendant also does not comply with General statutes § 52-50.
General statutes § 46b-46(a) provides in pertinent part that "[o]n a complaint for dissolution, annulment, legal separation or custody, if the defendant resides out of or is absent from the state or the whereabouts of the defendant is unknown to the plaintiff, any judge or clerk of the Supreme Court or of the Superior Court may make such order of notice as he deems reasonable. After notice has been given and proved to the court, the court may hear the complaint if it finds that the defendant hasactually received notice of the complaint is pending. If it does not appear that the defendant has had such notice, the court may hear the case, or if it sees cause, order such further notice to be given as it deems reasonable and continue the complaint until the order is complied with." (Emphasis added.) The Appellate Court determined that General statutes § 46b-46(a) does not require the court to make an order of notice, rather, the essential determination is whether the defendant had actual notice of the complaint. Cato v. Cato, 226 Conn. 1, 626 A.2d 734 (1993). CT Page 3713 "Whether an order of notice should be sought or, if sought, should be granted and, if granted, what form it should take depend on the particular factual situation as it bears on the question of notice to a defendant, where the question of notice is important. If service in personam is achieved . . . there is ordinarily no occasion for an order of notice." (Internal quotation marks omitted.) Id., 8. "The purpose of an order of notice is to ensure that the defendant actually received notice." Id.
The plaintiff's attorney represented at the dissolution hearing that the defendant was out of the country and would not return until after the court had granted the divorce. Correspondence directed to the defendant was mailed to an address in New York, and the correspondence from the defendant had a New York address. The separation agreement was signed by the defendant and notarized in New York. Therefore, there is evidence that the defendant was a nonresident and subject to General statutes § 46b-46. Furthermore, there is evidence, in the form of the affidavit of service, that the defendant received actual notice of the complaint. The court finds that the facts are sufficient to satisfy General statutes § 46b-46 that the court did have jurisdiction over the defendant.
Accordingly, Motions #109 and #110 are denied.
KARAZIN, J.