[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted suit by writ, summons and complaint against Worcester Realty, Inc., Gordon Webster, and Robert Camera. His complaint, as amended, sounds in negligence and results from injuries and damages he is alleged to have sustained while a patron at a Wallingford bar known as Gordie's Roundup.
The evidence discloses that on the night of June 11, 1993, the plaintiff, who was intoxicated, caused a disturbance while seated at the bar in Gordie's Roundup. When the defendant-Camera, the bartender on dub, ordered the plaintiff to leave the premises, he became annoyed and argumentative, in part because he was denied an opportunity to drink some additional beer he had just purchased but clearly did not need.
It is the plaintiff's contention that the defendant-Camera negligently shoved him backward in order to push him out the door. The plaintiff asserts that, as he was being forcibly ejected, his heel caught in the threshold, and he fell onto the abutting parking area injuring his neck and back.
The court attaches little credibility to the plaintiff's version of events. Throughout the trial his testimony contradicted or was inconsistent with other more reliable evidence received. Just prior to suffering his fall he was preoccupied, unwatchful of his surroundings, and manifestly affected by his alcohol consumption.
The court finds that the plaintiff's accident and the injuries and damages which he sustained therefrom were proximately caused by his own contributory negligence which, on CT Page 5225 the evidence, far exceeded any negligence which might be attributed to the defendant-Camera.
At the conclusion of evidence, counsel agreed that a judgment of dismissal might enter in favor of the defendants Worcester Realty, Inc. and Gordon Webster. In fact, as to these defendants the plaintiff failed to make out a prima facie case, and no liability was established. The court entered judgment in accordance with the agreed request. P. B., Sec. 302.
By way of an amended complaint filed less than one week before the commencement of trial, the plaintiff sought to add Worcester, Inc., d/b/a Gordie's Roundup as a co-defendant. The court is satisfied on its review of the file and consideration of counsels' arguments that Worcester, Inc., d/b/a is a separate entity, not described in the legal process and against whom no action was properly commenced. Sec. 52-45a, et seq., Conn. Gen. Stat. Likewise, no attempt was made to cite in such corporation as a party defendant. P. B., Sec. 103. In short, Worcester, Inc., d/b/a is not a defendant and was not represented in any capacity at trial. The court lacks in personam jurisdiction; GeneralMotors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223, 227
(1988); and therefore declines to rule on any claims the plaintiff seeks to advance against such corporation.
In accordance with its findings hereinbefore set forth, judgment may enter in favor of the defendant Robert Camera.
Gaffney, J.