[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Remzi Celik, has filed a complaint against the CT Page 8193 defendants, Ismail V. Dundar, Gokhan Acun, Hurriyet, (a turkish newspaper publishing company), and Hurriyet TV Productions, (Hurriyet TV). In the first count of the complaint, the plaintiff alleges that he was assaulted by the defendant, Dundar, a reporter and Turkish national employed by the defendant Hurriyet and/or Hurriyet W. The plaintiff alleges that Hurriyet and/or Hurriyet TV publish newspapers for circulation in the United States and abroad, along with producing television programs. The second count alleges, as to Dundar alone, that his conduct was willful and reckless. The third and fourth counts allege that Hurriyet and Hurriyet TV, respectively, promoted, encouraged and ratified Dundar's assault of the plaintiff and that Dundar's actions were within the scope of his employment. The fifth and sixth counts, brought against Dundar, Hurriyet and Hurriyet TV, allege conspiracy and a violation of General Statutes 42-110a, et seq, (CUTPA), respectively. The seventh and eighth counts allege intentional infliction of emotional distress and invasion of privacy against all four of the defendants.
The defendants filed the present motion to dismiss, and in their supporting memorandum, the defendants argue that (1) service was insufficient as to Dundar and Acun pursuant to General Statutes § 52-59b and the Hague Convention; (2) service was insufficient as to Hurriyet and Hurriyet TV productions pursuant to General Statutes § 33-411(d) and; (3) the process served was insufficient pursuant to 33-411(d). The defendants attached to their memorandum of law a copy of the original summons, a copy of the sheriff's return, and copies of affidavits of Simli Uluk, and Roy Ward. The plaintiff filed a memorandum in opposition to the motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914 (1991). "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Ziska v.Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d (1985). "[S]ervice of process on a party in accordance with . . . statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction over that party." General MotorsAcceptance Corp v. Pumphrey, 13 Conn. App. 223, 227, 535 A.2d 396
CT Page 8194 (1988). In addition, insufficiency of process deprives the court of personal jurisdiction. Asen v. Butler Bill Associates, Inc.,5 Conn. L. Rptr. 253 (November 12, 1991, McGrath, J.).
 I. Service of Process as to Acun and Dundar Pursuant to§ 52-59b(c).
The defendants' arguments as to insufficiency of service of process upon Acun, who the plaintiff alleges is an agent, servant and employee of the defendant Hurriyet and Hurriyet TV, and upon Dundar are premised upon the plaintiff's alleged non-compliance with General Statutes § 52-59b(c) and non-compliance with the Hague Service Convention.
The defendants have argued that the court cannot exercise personal jurisdiction over Acun and Dundar because of insufficiency of service of process pursuant to General Statutes52-59b(c).[1] The defendants maintain that service was effectuated upon the Secretary of State, along with sending those documents to two addresses in New York City.[2] The defendants argue, however, that General Statutes § 52-59b(c) requires the mailing of a copy of the writ summons and complaint to their individual residences which are located in Turkey. The plaintiff counters that he complied with § 52-59b(c) by mailing a copy of the writ, summons and complaint to the defendants' business address(es) in New York.
In Tek-Motive, Inc. v. AFB, Inc., Superior Court, judicial district of New Haven at New Haven, No. 349298 (Nov. 12, 1993, Zoarski, J.), one of the defendants, Ruskin, filed a motion to dismiss the complaint as against him on the ground that service of process was improper pursuant to § 52-59b(c). The court stated that "[s]ervice of process on Ruskin was sufficient in the present case because [the address] was Ruskin's `last-known address' within the meaning of General Statutes [§] 52-59b(c). Service was sufficient . . . because notice delivered to an individual's business address, rather than his residence, is adequate. . . ."[3]
The sheriff's mailing of copies of the writ, summons and complaint to Hurriyet's office(s) in New York complies with §52-59b(c).[4] The defendants' contention that the plaintiff has failed to comply with § 52-59b(c) is without merit and the CT Page 8195 defendants' motion to dismiss on this ground is denied.
The defendants have also argued in their memorandum in support of their motion that the plaintiff's service of process does not comport with provisions of the Hague Convention relating to service of process upon parties in foreign countries. The defendants' contention, however, is premised upon an argument that § 52-59b(c) requires the plaintiff or sheriff to mail the writ, summons and complaint to Acun and Dundar at their residences in Turkey. § 52-59b(c), as discussed above, does not support the defendants' contention. Therefore, since service comported with the requirements of § 52-59b(c), the Hague Service Convention does not apply. See VolkswagenwerkAktiengesellschaft v. Schlunk, 486 U.S. 694, 707, 108 S.Ct. 2104,100 L.Ed.2d 722 (1988) (The Hague Service Convention did not apply when process was served on a foreign corporation by serving its domestic subsidiary which, under state law, was that foreign corporation's involuntary agent for service.) Non-compliance with the Hague Service Convention does not then provide grounds upon which to grant the defendants' motion to dismiss.
 II. Failure to Allege Sufficient Facts as to Acun
Acun is named as a defendant in the seventh and eighth counts of the complaint which allege intentional infliction of emotional distress and invasion of privacy, respectively. The defendants argue in their memorandum of law that, as to Acun, the plaintiff has failed to allege facts sufficient to create personal jurisdiction. The defendants correctly note that the only allegation as to Acun made by the plaintiff in his complaint states that Acun "was a Turkish National residing in Turkey and an agent, servant and employee of the defendant Hurriyet and Hurriyet TV." The defendants argue, therefore, that the failure to allege any wrongdoing on the part of Acun deprives the court of jurisdiction because General Statutes § 52-59b(a) and (c) only permit jurisdiction where the defendant has committed a tort in Connecticut or committed a tort outside of Connecticut which caused injury to the plaintiff in Connecticut.
The appropriate procedural Vehicle to test the legal sufficiency of any complaint is by motion to strike. Practice Book § 152. This portion of the defendants' motion is not properly before the court and the defendants' motion to dismiss CT Page 8196 on the ground of legal insufficiency is denied.
The defendants' motion to dismiss is denied as to both Dundar and Acun.
 III. Service of Process as to Hurriyet and Hurriyet TV Pursuantto § 33-411
The defendants' argue in their memorandum of law in support of their motion to dismiss that Hurriyet and Hurriyet TV are not subject to the court's personal jurisdiction because (1) neither Hurriyet nor Hurriyet TV transacted any business in Connecticut which would have made them subject to the court's jurisdiction pursuant to General Statutes § 33-411(b); (2) even if Hurriyet and/or Hurriyet TV do transact business in Connecticut, they are not subject to the jurisdiction of the court pursuant to § 33-411(b) because the causes of action alleged do not arise out of the transaction of such business; (3) the Secretary of the State of Connecticut and/or the Sheriff failed to mail a copy of the process to the defendants in Turkey pursuant to § 33-411(d); (4) the process itself is defective pursuant to § 33-411(d) because it lists the wrong addresses for the corporate defendants.
The plaintiff counters that the court's jurisdiction is predicated upon the operation of § 33-411(c)(4), and not upon § 33-411(b), as the defendants contend. Based on the foregoing, the plaintiff argues that service was proper pursuant to § 33-411(c) and (d). Additionally, the plaintiff argues that Hurriyet and Hurriyet TV were personally served in accordance with General Statutes § 52-57(c)[5] when the sheriff served a writ, summons, and complaint upon Dr. Haluk Sahin, who the plaintiff maintains is the editor and producer of the Arena program, a production of Hurriyet and/or Hurriyet TV.
Since the claimed basis of the court's jurisdiction is the operation of § 33-411(c), the court limits its analysis of the defendants' jurisdictional challenge to that statutory section. General Statutes § 33-411(c) provides in pertinent part "every foreign corporation shall be subject to suit in this state, by a resident of this state . . . whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising as follows: . . . CT Page 8197 (4) out of tortious conduct in this state, whether out of repeated activity or single acts and whether arising out of misfeasance or nonfeasance." This section "confers jurisdiction over some causes of action without regard to whether a foreign corporation is transacting business here and without regard to any causal connection between the plaintiff's cause of action and the defendant's presence in this state." Wallenta v. Avis Rent ACar System, Inc., 10 Conn. App. 201, 206, 552 A.2d 820 (1987).
Additionally, section 33-411(d) requires that service upon a foreign corporation, over whom the court has jurisdiction pursuant to § 33-411(c), be made pursuant to § 33-411(a) except that "the secretary of the state shall address the copy [of the process] to the corporation at the address of its executive offices, or if it has no such office, to such corporation's last office as shown in the official registry of the state or country of its incorporation."[6]
"Compliance with the essential conditions prescribed by [§ 33-411] is a requisite for the court's jurisdiction. . . . However, non-compliance in minor details amounting to mere irregularities may be waived." (Citation omitted; internal quotation marks omitted.) Halepas v. Capital Video Corp.,6 Conn. L. Rptr. 51 (February 25, 1992, Dorsey, J.); citing GeneralDynamics Corp. v. Groton, 184 Conn. 483, 440 A.2d 185 (1981). The failure to comply with the requirements in § 33-411(d) that the process be served upon a foreign corporation by delivery to the secretary of state and include the correct address of the foreign corporation's executive office, and that a copy of the process be mailed by the secretary of state to that address, constitutes grounds for dismissal for insufficiency of service of process. Strielkauskas v. Design Manufactured Homes andMarketing, Inc., 3 Conn. L. Rptr. 622 (January 10, 1991, Austin, J.)
Although the defendants have argued that the addresses listed on the process served upon the office of the secretary of state are not the addresses of Hurriyet or Hurriyet TV, TV, the defendants have not produced any evidence to that effect.[7] In addition, the plaintiff has not produced any evidence that the addresses listed on the summons are the addresses of the executive offices of Hurriyet or Hurriyet W. Therefore, because an issue of fact exists as to the addresses of the executive offices of Hurriyet and Hurriyet' TV, a trial-like hearing is required to determine whether the addresses listed on the summons CT Page 8198 are correct and whether the secretary of state addressed a copy to those defendants in accordance with § 33-411(d). StandardTallow v. Jowdy, supra, 190 Conn. 56.
 IV. Service Pursuant to General Statutes § 52-57(c) (Plaintiff's Alternate Argument).
Section 33-411(e) provides, in relevant part, "[n]othing in this section shall limit or affect the right to serve any process required or permitted by law to be served upon a foreign corporation in any other manner now or hereafter permitted by law."
The plaintiff maintains that service in this case was effectuated upon Dr. Haluk Sahin, whom the plaintiff says is a "managing agent" as that term is employed in § 52-57(c), supra. In order to determine whether the service of process upon Sahin constituted valid service upon Hurriyet and/or Hurriyet TV pursuant to General Statutes § 52-57(c), the court must determine whether Sahin is a "manager" within the meaning of § 52-57(c). See DeFrancesco v. Miller, Superior Court, judicial district of New Haven at New Haven, Docket No. 362523 (September 26, 1994, Zoarski, J.) "Such a determination requires that the fact-finder establish whether the duties of that person are such that the corporation would, in the normal course, be informed that the service has been made. . . . [T]he terms `or its general or managing agent or manager' are concomitant terms meaning a person whose position, rank, duties and responsibilities make it reasonably certain that the corporation will be apprised of service made upon that person." Nelson v.Stop Shop Cos., 25 Conn. App. 637, 642, 596 A.2d 4 (1991). "The nature of the position, rank and responsibilities of the person served is a question of fact." Board of Education v. Local 1282,31 Conn. App. 629, 632 ___ A.2d ___ (1993). "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held . . . . "Standard Tallow Corp. v. Jowdy, supra, 190 Conn. 56.
Plaintiff submitted the affidavit of William I. Haslun, a member of the plaintiff's law firm. Haslun states, in part, that "Sahin identified himself as the Editor of Arena, a news program which employs defendants Dundar and Acun." (Affidavit of William I. Haslun dated March 16, 1995, para. 4). Haslun further CT Page 8199 incorporates an article from the Greenwich Time "in which Dr. Sahin identifies himself as the producer of Arena who was present in court in an effort to obtain the videotape for the individual defendants' employers." (Affidavit of William I. Haslun dated March 16, 1995, para. 5.). A perusal of Sahin's affidavit that Haslin has incorporated by reference corroborates Haslin's averment that Sahin is the editor of Arena. Moreover, a review of the article from the Greenwich Time further corroborates Haslin's averment that Sahin appeared in court.
Based on the foregoing, an issue of fact exists, given Sahin's position, rank and responsibilities, as to whether service upon Sahin constitutes service upon Hurriyet and Hurriyet TV within the meaning of § 52-57(c). Therefore, a trial-like hearing is required to determine whether service upon Hurriyet and/or Hurriyet TV was proper pursuant to § 52-57(c).
Conclusion
The defendants' motion to dismiss is denied as to defendants Dundar and Acun. As to Hurriyet and Hurriyet TV, an evidentiary hearing is required to determine whether the addresses listed on the process are those of the executive offices of Hurriyet and/or Hurriyet TV, and whether the secretary of state mailed the process to those addresses. Finally, an evidentiary hearing is required to determine the rank, duties and responsibilities of Dr. Haluk Sahin.
D'ANDREA, J.