[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #103
The plaintiff, Dawn Madigosky, filed this action pursuant to the Connecticut Products Liability Act, General Statutes §52-572m et seq., against the defendant, Baxter Healthcare Corporation, seeking damages for injuries allegedly sustained as a result of the defective design of a medical apparatus. On March 19, 1996, the defendant filed this Motion To Dismiss with supporting affidavits claiming an insufficiency of process and therefore, a lack of in personam jurisdiction.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914 (1991). "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Ziska v.Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d ___ (1985). "[S]ervice of process on a party in accordance with . . . statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction over that party." GeneralMotors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223, 227,535 A.2d 396 (1988).
The defendant has attached four affidavits to the instant motion. "Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue."Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988). Thus, this court may examine the content of these affidavits in ruling upon this jurisdictional issue.
An examination of the affidavits and the sheriff's return reveals the following facts. The defendant is a Delaware corporation with its principal place of business in the state of CT Page 4317 Illinois. (Exhibit D). The defendant has designated CT Corporation System as its agent for service of process in Connecticut. (Exhibits C D). On January 18, 1996, a deputy sheriff deposited a copy of the writ, summons and complaint at a United States Post Office which was addressed to "Baxter Healthcare Corporation, 1700 Rancho Conejo Boulevard, Newbury Park, California 91320." Thereafter, on January 22, 1996, the deputy sheriff served Secretary of State of Connecticut by certified mail.
General Statutes § 52-57(c)[1] provides that corporations established under the laws of a state other than Connecticut shall be served either by service upon a corporate officer or upon the agent of the corporation appointed pursuant to General Statutes § 33-400[2]. Pursuant to General Statutes § 33-411, service on the Secretary of State is authorized in two circumstances: (1) where a foreign corporation fails to designate an agent for service; and, (2) where such a designation is made and the agent cannot be found at the listed address upon reasonable diligence. In the latter, the plaintiff must serve, by certified mail, both the corporation, at the address of it executive offices, as well as the secretary of state. General Statutes § 33-411(a)(2).
In the present case, the sheriff's return does not indicate that any effort was made to serve the designated agent for service of process. Instead, it appears that the plaintiff served the secretary of state, as well as the corporation, at a location in California[3]. "When a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate." Nelson v.Stop Shop Companies, 25 Conn. App. 637, 641 (1991) (citingTarnopol v. Connecticut Sitting Council, 212 Conn. 157,561 A.2d 931 (1989)). Because the defendant has named a statutory agent for service, the Secretary of State was not properly served as the corporation's statutory agent. Thus, the service of process failed to comply with the mandates of General Statutes § 52-57, thereby depriving this court of personal jurisdiction over the defendant. The defendant's motion to dismiss is therefore granted.
/s/ Pellegrino, J. PELLEGRINO