[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this matter, MacDermid, Inc. ("MacDermid"), manufactures and sells proprietary chemicals and processes. The defendant in this matter, Ernest Yakobson CT Page 6373 (Yakobson), is a research chemist who left the employ of the plaintiff in December of 1996. In a six count complaint filed on December 27, 1996, the plaintiff alleges various causes of action against the defendant as a result of his acceptance of the position of research chemist with Alpha Metals (Alpha), one of the plaintiff's competitors. Presently before the court is a Motion for Entry of Judgment dated February 26, 1997, submitted by both the plaintiff and the defendant. The motion indicates that the parties have reached settlement on all claims and causes of action and that they request the court to enter final judgment in accordance with their stipulation to judgment dated February 21, 1997.
In reviewing the proposed stipulation to judgment, it is important to note that the only entities or individuals who are parties to this action are MacDermid and Yakobson. This is significant because within the stipulation to judgment there are clauses indicating that a non-party, Alpha, acknowledges that it has reviewed the stipulation to judgment and agrees to cooperate in its enforcement. As well, the stipulation calls for Alpha to reimburse MacDermid's attorney's fees and costs in the amount of $500.00 and for Alpha to refrain from hiring any MacDermid employees for one year from the date of the stipulation to judgment.
"No principle is more universal than that the judgment of a court without jurisdiction is a nullity. Such a judgment, whenever and wherever declared upon as a source of right, may always be challenged." General Motors Acceptance Corp. v.Pumphrey, 13 Conn. App. 223, 229, 535 A.2d 396 (1988), quotingSamson v. Bergin, 138 Conn. 306, 312, 84 A.2d 273 (1951). "A court is without power to render a judgment if it lacks jurisdiction of the parties or of the subject matter. In such cases, the judgment is void, has no authority, and may be impeached."General Motors Acceptance Corp. v. Pumphrey, supra,13 Conn. App. 228, citing Broaca v. Broaca, 181 Conn. 463, 468,435 A.2d 1016 (1980).
In the present case, the jurisdiction of the trial court is limited to those parties expressly named in the action coming before it. "A court has no jurisdiction over persons who have not been made parties to the action before it. See Simko v.Zoning Board of Appeals, 205 Conn. 413, 533 A.2d 879 (1987);Graham v. Zimmerman, 181 Conn. 367, 373, 435 A.2d 970 (1980)."Delio v. Earth Garden Florist, Inc., 28 Conn. App. 73, 77, CT Page 6374609 A.2d 1057 (1992). Alpha was never made a party to the proceeding, yet the proposed stipulation to judgment requires Alpha to cooperate in its enforcement, reimburse MacDermid's attorney's fees and costs in the amount of $500.00 and refrain from hiring any MacDermid employees for one year from the date of the stipulation to judgment. The court also notes that no representative of Alpha signed the stipulation. It is clear to the court that it does not have personal jurisdiction over Alpha and therefore that it cannot enter judgment as it is set out in the proposed stipulation to judgment for such a judgment would not be binding on Alpha. See Graham v. Zimmerman, 181 Conn. 367,373, 435 A.2d 996 (1980); Delio v. Earth Garden Florist, Inc.,
supra, 28 Conn. App. 77; General Motors Acceptance Corp. v.Pumphrey, supra, 13 Conn. App. 228.
Accordingly, the motion is denied.
SANDRA VILARDI LEHENY, J.