### FRANK S. DELIO *v.* THE EARTH GARDEN FLORIST, INC., ET AL.
### (10685)

DALY, LANDAU and FREEDMAN, Js.

Argued April 2—decision released June 30, 1992

*John R. Williams,* for the appellant (plaintiff).

*Stephen A. Wise,* for the appellees (defendants).

LANDAU, J. This is an appeal from the judgment of the Superior Court confirming an arbitration award in favor of the defendants and concomitantly denying the plaintiff's application to vacate the award. The issues to be addressed in this appeal are whether the trial court (1) improperly rendered judgment in favor of and against parties not named in the action, and (2) compelled the plaintiff to arbitrate matters he was not contractually bound to arbitrate.

The record discloses the following facts. The plaintiff, Frank Delio, the owner of the subject property[1] and the sole shareholder of The Hidden Garden Florist II, Inc., leased the property to The Earth Garden Florist, Inc. Larry Blankenship personally guaranteed the lease. The property involved is a parcel of land on which a greenhouse and a separate two-family house are situated. On November 7, 1986, the parties entered into the following three agreements which are integral parts of a single transaction:[2] (1) a lease by the plaintiff to the defendants of the greenhouse but not of the residence;[3] (2) a business purchase agreement involving the sale of the plaintiff's business to the defendants;[4] and (3) a purchase and sale agreement in which the defendants received a three year option to purchase the entire premises.[5] The lease contained the follow-

[1] The property was foreclosed on by Mechanics and Farmers Savings Bank on July 13, 1990.

[2] Article 34 of the lease states in pertinent part: "It is understood and agreed between the parties hereof that the within lease, contract with Hidden Garden Florist II, Inc. and contract to purchase the demised premises are integral parts of a single transaction, and that a default by either party under any of the said agreements shall be construed to create a default of the others."

[3] The defendants were to conduct a greenhouse and florist business on the premises. The monthly rent was $3200.

[4] The sale of the business for $125,000 included the fixtures and equipment, the business goodwill, and a covenant not to compete.

[5] The defendants paid the plaintiff $50,000 for the option to purchase the entire premises for the amount of $600,000 during the three year term of

ing arbitration clause: "Article 36 Arbitration Section 36.01 Any controversy or claim arising between the parties with respect to this lease unless other provision is made herein, shall be settled by arbitration in New Canaan in accordance with the laws of the state of Connecticut, pursuant to the rules of the American Arbitration Association and conducted in accordance with the rules of said Association. The party desiring arbitration shall do so by giving notice to that effect to the other party; said notice shall contain a specific description of the subject matter in dispute. All expenses of arbitration, including the expenses of witnesses shall be paid as awarded by the arbitrator(s) who shall be requested to include the payment of such expenses in the decision. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof."

On February 8, 1988, the defendants notified the plaintiff of their intent to exercise the option agreement. The parties agreed to a closing date of March 18, 1988. The plaintiff failed to tender the property on that date although the defendants were ready, willing and able to close. Because the defendants exercised their option to purchase, they did not pay rent on March 1, 1988, with the expectation that the rent would be adjusted at the March 18, 1988 closing. No objection was made to the defendants' failure to pay rent, nor was a written notice of default, as required by article 15 of the lease, given to the defendants. On April 22, 1988, the defendants informed the plaintiff, in writing, that the plaintiff was in default of the lease, that there was no reason for the defendants to continue paying rent and that they were still anxious to purchase the property.

the lease. On April 7, 1986, a modification agreement was entered into whereby the purchase price of the property was reduced to $550,000.

On October 25, 1989, the defendants renewed their exercise of the option by written notice, setting the closing at the New Canaan Bank and Trust Company on October 31, 1989. On the morning of October 31, the plaintiff indicated that he was unable to give clear title, would need thirty days to clear the title and for the first time demanded "18 months of unpaid rent." The plaintiff again failed to tender the property and again the defendants were at all times ready, willing and able to close on the property.

On November 29, 1989, the plaintiff served the defendants with a notice to quit. On March 13, 1990, the plaintiff commenced an action to evict the defendants and for back rent. On May 5, 1990, the defendants filed a motion to stay the action pending arbitration pursuant to article 36 of the lease. Over the plaintiff's strenuous objections,[6] the defendants' renewal of the motion to stay was granted on June 26, 1990.[7] During March and April of 1991, the arbitration of the defendants' claims and the plaintiff's claim for back rent was conducted with the full participation of both parties. Following the arbitration, a one page order was entered directing Delio and The Hidden Garden Florist II, Inc., to pay The Earth Garden Florist, Inc., Larry Blankenship and Katherine Blankenship $150,000. The Earth Garden Florist, Inc., and Larry Blankenship moved for the trial court to confirm the award and Delio moved for the trial court to vacate the award. This appeal followed.

In his first claim, the plaintiff asserts that the trial court was without jurisdiction to render judgment in favor of Katherine Blankenship and against The Hidden Garden Florist II, Inc., because neither was named

[6] The plaintiff argued that the arbitration submission authorized by the trial court far exceeded the terms of the arbitration agreement in the lease.

[7] The July 13, 1990 foreclosure on the subject property; see footnote 1, supra; effectively terminated the plaintiff's action to evict the defendants.

as a party to the action. The trial court rendered judgment in favor of The Earth Garden Florist, Inc., Larry Blankenship and Katherine Blankenship and against Delio and The Hidden Garden Florist II, Inc. The only plaintiff named in this action is Delio and the only defendants named in this action are The Earth Garden Florist, Inc., and Larry Blankenship.

With respect to the trial court's judgment in favor of Katherine Blankenship, we conclude that because she was not a named party, the trial court was without jurisdiction to render judgment in her favor. The jurisdiction of the trial court is limited to those parties expressly named in the action coming before it. *General Motors Acceptance Corporation* v. *Pumphrey*, 13 Conn. App. 223, 227, 535 A.2d 396 (1988). Until one is given notice of the actions or proceedings against him and is thereby given opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment either for or against him even though it may have jurisdiction of the subject matter. "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it. See *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 533 A.2d 879 (1987); *Graham* v. *Zimmerman*, 181 Conn. 367, 373, 435 A.2d 970 (1980)." *General Motors Acceptance Corporation* v. *Pumphrey*, supra, 227–28. We, therefore, vacate the judgment as it pertains to Katherine Blankenship. See Practice Book § 4183.[8]

With respect to the claim that the trial court was without jurisdiction to render judgment against The Hidden Garden Florist II, Inc., we conclude that the plaintiff is not the proper party to raise this claim. The plaintiff was named personally in this action and does

[8] Practice Book § 4183 provides in relevant part: "The [appellate] court may, on its own motion, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal."

not have standing to challenge the judgment as it applies to a third party, despite the fact that he is the sole shareholder of that third party.

" ' "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." ' " *DiBonaventura* v. *Zoning Board of Appeals,* 24 Conn. App. 369, 373–74, 588 A.2d 244, cert. denied, 219 Conn. 903, 593 A.2d 129 (1991), citing *Board of Pardons* v. *Freedom of Information Commission,* 210 Conn. 646, 648–49, 556 A.2d 1020 (1989).

The general rule is that one party has no standing to raise another's rights. See *State* v. *Williams,* 206 Conn. 203, 207, 536 A.2d 583 (1988). " 'When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . .' *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 492, 400 A.2d 726 (1978). '[Standing is] ordinarily held to have been met when a complainant makes a colorable claim of direct injury he . . . is likely to suffer . . . .' *Maloney* v. *Pac,* 183 Conn. 313, 321, 439 A.2d 349 (1981)." *Malerba* v. *Cessna Aircraft Co.,* 210 Conn. 189, 192, 554 A.2d 1048 (1989).

In accordance with these guidelines, we must determine whether Delio has made any colorable claims of direct injury that he is likely to suffer in his individual capacity as a result of the judgment rendered against The Hidden Garden Florist II, Inc. Admittedly, any judgment entered against The Hidden Garden Florist II, Inc., is the responsibility of the plaintiff as the sole

shareholder and will be paid out of the corporate assets of The Hidden Garden Florist II, Inc. This, however, is insufficient to meet the test of *Maloney* v. *Pac,* supra, that the party contesting the judgment suffer direct injury in his *individual* capacity. The plaintiff will be required to pay the judgment rendered against The Hidden Garden Florist II, Inc., out of its corporate assets, in his capacity as the sole shareholder, not in his capacity as an individual. Because we conclude that the plaintiff was without authority to challenge the judgment rendered against The Hidden Garden Florist II, Inc., we do not address the merits of this claim.

The plaintiff's second claim, that the trial court compelled him to arbitrate matters that he was not contractually bound to arbitrate, merits little discussion. The plaintiff argues that the arbitration clause in the lease, article 36, was applicable only to disputes pertaining to the lease itself and not to disputes pertaining to the business purchase agreement or the purchase and sale agreement. We are not persuaded.

We note that the plaintiff did not appeal from the trial court order compelling him to proceed to arbitration, but rather chose to participate in the arbitration as directed by the trial court. The plaintiff does not contest the trial court's right to compel arbitration. Rather he challenges the scope of the subject matter he was compelled by the trial court to arbitrate.

We adhere to the established rule that "arbitrability of a dispute is ordinarily a legal question for the courts . . . ." *Beloff* v. *Progressive Casualty Ins. Co.,* 203 Conn. 45, 54, 523 A.2d 477 (1987); see also *Gaudet* v. *Safeco Ins. Co.,* 219 Conn. 391, 399, 593 A.2d 1362 (1991); *Welch Group, Inc.* v. *Creative Drywall, Inc.,* 215 Conn. 464, 467, 576 A.2d 153 (1990); *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 274, 231 A.2d 531 (1967). "[A]n order directing the parties to proceed

with arbitration is a final judgment from which one can appeal. *Dewart* v. *Northeastern Gas Transmission Co.,* 139 Conn. 512, 514, 95 A.2d 381 (1953)." *Quinn* v. *Middlesex Ins. Co.,* 16 Conn. App. 209, 211, 547 A.2d 95, cert. denied, 209 Conn. 817, 550 A.2d 1085 (1988). In *Quinn* v. *Middlesex Ins. Co.,* supra, the plaintiff, rather than proceeding to arbitration, and then challenging an adverse arbitration award, properly appealed to this court directly from the trial court's order to proceed to arbitration of an uninsured motorist claim.[9] Here, the plaintiff's failure to appeal directly from the trial court order compelling arbitration precludes him from pressing this claim on appeal.

The judgment, as it pertains to Katherine Blankenship, is vacated; the remainder of the judgment is affirmed.

In this opinion the other judges concurred.

---

[9] Similarly, our Supreme Court noted in *Oliva* v. *Aetna Casualty & Surety Co.,* 181 Conn. 37, 39–40, 434 A.2d 304 (1980), that "[t]he function of the court . . . is to determine, in the first instance, whether the issue is arbitrable. If the court so decides, an order compelling arbitration is issued. If, on the other hand, the court decides that the issue is not arbitrable, it can proceed to decide the issue on the merits. In such a case, however, the plaintiff can appeal on the ground that the court erred in concluding that the issue was not arbitrable." See also *Security Ins. Co. of Hartford* v. *DeLaurentis,* 202 Conn. 178, 183, 520 A.2d 202 (1987); *Wilson* v. *Security Ins. Group,* 199 Conn. 618, 622, 509 A.2d 467 (1986).