[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (NO. 110)
On December 12, 1994, the plaintiffs, Peter G. and Myra G. Fetzer (the Fetzers), as individuals, filed a three count complaint against the defendants, Donald L. and Joan Rywolt (the Rywolts). The Fetzers are the sole stockholders of Fetzer Tire Corp. located at 3651 Post Road, Southport, Connecticut. The defendants reside on a property that is adjacent to the rear of the Fetzer Tire facility.
The plaintiffs complain that beginning in September, 1989, the Rywolts made numerous complaints to the Fairfield Police Department and the Fairfield zoning department because of loud noises from the business. These complaints are alleged to have continued after the Fetzers purchased the property in January, 1993. The Rywolts also advertised that they were selling their home because of numerous zoning violations, photographed the Fetzers' property, and complained to the First Selectman of Fairfield. On at least one occasion, the Zoning Board of Appeals agreed with the defendants and issued a cease and desist order which order was eventually reversed on appeal.
The three counts allege that the Rywolts have caused the Fetzers to suffer emotional distress. Count one seeks recovery for the infliction of emotional distress suffered by the Fetzers as sole stockholders of Fetzer Tire. Count two seeks recovery for the infliction of emotional distress suffered by the Fetzers as individuals and as property owners. Count three seeks to recover attorneys' fees and exemplary damages based on the conduct alleged in the first two counts. On January 19, 1995, the Rywolts filed a motion to strike each count of the complaint. CT Page 4358
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citation omitted; internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). The court does not accept legal conclusions or opinions in the complaint. Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
1. COUNT ONE: EMOTIONAL INJURY SUFFERED AS STOCKHOLDERS
In their motion to strike, the Rywolts offer two reasons why count one is insufficient. First, the Fetzers lack standing because they are asserting an injury to Fetzer Tire Corp., which the corporation should bring in its own behalf. Second, the statute of limitations bars the action.
In response, the Fetzers argue that the Rywolts have misconstrued the complaint. The Fetzers claim they have brought count one for the injuries suffered as individuals, not stockholders.
"`It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy.'" Presidential Capital Corp. v. Reale, 231 Conn. 500,504, ___ A.2d ___ (1994). "Standing focuses on the party seeking to be heard and not on the issues that party wants to have decided. . . . The focus is on whether one is a proper party to request adjudication of the issues, rather than on the substantive rights of the aggrieved parties." (Citation omitted.) Mobil Oil Corp. v. Zoning Board of Appeals,35 Conn. App. 204, 207, 644 A.2d 401 (1994). "The parties cannot waive a showing that the plaintiff has standing because, in the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case." Sadloski v. Manchester, 228 Conn. 79, 83, CT Page 4359634 A.2d 888 (1993).
The Rywolts argue that in count one the Fetzers are attempting to recover for injuries that the Fetzer Tire Corp. claims to have sustained. Citing Delio v. Good Earth Florist, Inc., 28 Conn. App. 73,609 A.2d 1057 (1992), the Rywolts argue that shareholders do not have standing to protect their interest in the corporation when the corporation is injured.
The Fetzers contend that in count one they are trying to recover for their individual injuries that are distinct from the injury they have suffered as shareholders. Citing Yanow v. Teal Industries, Inc.,178 Conn. 262, 281-82, 422 A.2d 311 (1979), the Fetzers argue that a shareholder may bring an action to protect their rights as shareholders.
Count one is a confusing pleading at best. In paragraph 7, the Fetzers allege that the complaints to Fairfield officials interrupted the business of the Fetzer Tire Corp. In paragraph 9, the Fetzers allege that the Fairfield zoning department ordered Fetzer Tire Corp. to stop installing tires outside. In paragraph 13, the Fetzers allege that the Rywolts have had personal knowledge that the Fetzers are the sole stockholders and owners of Fetzer Tire Corp. In paragraph 14, the Fetzers allege that the Rywolts "intended to inflict upon the plaintiffs, as individuals, emotional distress, or knew or should have known that emotional distress to the plaintiffs, as individuals, was a likely result of their conduct." (Emphasis added.)
The court concludes that count one is a claim in which the Fetzers are asserting that they have been injured as shareholders in the corporation. The Fetzers are alleging that the Rywolts have interfered with the business of the Fetzer Tire Corp., and as such, they have been caused to suffer emotional distress. See paragraphs 7 and 9.
The court concludes that the Fetzers do not have standing to raise such an issue. By way of example, it may be possible for A. T. T. to bring an action against M.C.I. for false advertising with reference to A. T. T.'s rate schedule, but that would hardly allow the millions of A. T. T. shareholders to maintain an action for intentional infliction of emotional distress against M. C. I. for alleged false claims.
When a corporation suffers an injury, the sole stockholder does not have standing to seek redress for that injury. Delio v. Earth GardenFlorist, Inc., supra, 28 Conn. App. 78-79. Standing does not exist even when the stockholder's assets will be diminished because the corporation has suffered an injury. Id. See also Fortini v. New England Log Homes,CT Page 4360Inc., 4 Conn. App. 132, 135, 492 A.2d 545, cert. dismissed, 197 Conn. 801,495 A.2d 280 (1985) (affirming trial court's motion to strike a count brought by a sole shareholder for interfering with the corporation's business.)
The case that the Fetzers city, Yanow v. Teal Industries, Inc.,
supra, 178 Conn. 282, demonstrates the error in their argument. "If the injury is one to the plaintiff as a stockholder, and to him individually, and not to the corporation, as where an alleged fraud perpetrated by the corporation has affected the plaintiff directly, . . . the plaintiff-shareholder sustains a loss separate and distinct from that of the corporation, or from that of othershareholders, and thus has the right to seek redress in a personal capacity for a wrong done to him individually." (Emphasis added.) Id., 281-82. The court in Yanow indicated that when a shareholder suffers an injury that "is peculiar to him alone, and does not fall alike upon other stockholders, the shareholder has an individual cause of action against the corporation." Id., 282 n. 9.
Accordingly, the Rywolts' motion to strike count one is granted because the Fetzers do not have standing to assert an injury to the corporation.[1]
2. COUNT TWO: INFLICTION OF EMOTIONAL DISTRESS
In their motion to strike the second count, the Rywolts offer three reasons why it fails to allege the necessary elements for intentional infliction of emotional distress. First, the count does not allege "extreme and outrageous" conduct. Second, the injury of which the Fetzers complain is too attenuated from the Rywolts' conduct. Third, the extent of the injury is too speculative.
In their memorandum in opposition, the Fetzers argue that count two alleges the necessary elements under which they can recover for their emotional distress.
"In order to prevail on a claim of intentional infliction of emotional distress, a plaintiff must establish four elements: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Barry v. Posi-Seal International, Inc.,36 Conn. App. 1, 19, ___ A.2d ___ (1994). "The actor is never liable, for example, where he has done no more than to insist upon his rights in a CT Page 4361 permissible way, even though he is well aware that such insistence is certain to cause emotional distress." Petyan v. Ellis, 200 Conn. 243,254-55, 510 A.2d 1337 (1986).
In this case the Fetzers have alleged that the Rywolts complained to Fairfield zoning officials, Fairfield police officers and a selectman for Fairfield, photographed their property with a telephoto lens; and advertised that they (the Rywolts) were going to sell their house because of numerous zoning violations.
None of this conduct is extreme and outrageous. Any complaints made to town officials are privileged under Petyan v. Ellis, supra,200 Conn. 254. The other acts, photographing the property and advertising that zoning violations are forcing the owner to sell, do not offend the sensibilities of reasonable people. "Mere insults, indignities, or annoyances that are not extreme or outrageous will not suffice." Brownv. Ellis, 40 Conn. Sup. 165, 167, 484 A.2d 944 (1984, McDonald, J.) Therefore, the motion to strike the second count is granted because the plaintiffs have not alleged any extreme or outrageous behavior.[2]
3. COUNT THREE
Count three does not add any new factual allegations to the complaint but alleges the same facts as a basis for the Fetzers' relief to include attorneys' fees and exemplary damages. As such, because the third count does not state a separate cause of action, the court grants the Rywolts' motion to strike that count also.
The defendants' motion to strike is granted.
JOSEPH T. GORMLEY, JR., JUDGE