[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:
CT Page 8774MOTION TO DISMISS (DOCKET ENTRY NO. 106)
The plaintiff, Rivers Edge Condominium Association of Bridgeport, filed a complaint and lis pendens on May 16, 1997, against the defendant, Michael Gorman, as executor of the estate of Jerome Gorman.[1] The plaintiff alleges that it has a statutory lien on a condominium unit previously owned by the decedent, of which $444.52 remains due and owing. On June 25, 1997, the defendant moved the court to dismiss the plaintiff's suit based on the court's lack of personal jurisdiction over the defendant. The plaintiff filed a memorandum in opposition of July 10, 1997.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "One who is not served with process does not have the status of a party to the proceeding . . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Delio v.Earth Garden Florist, Inc., 28 Conn. App. 73, 77, 609 A.2d 1057
(1992).
The defendant argues that because he is an out-of-state executor of the decedent's estate who had filed a certificate appointing the judge of the court of probate to be his attorney upon whom all process may be served, the plaintiff should have made service under General Statutes § 52-60. The plaintiff, who made service on the secretary of state under General Statutes § 52-59b, argues that § 52-60 is permissive and allows other forms of service to be made.
General Statutes § 52-60(a) states in pertinent part: "No appointment of a nonresident of this state as an executor . . . may take effect until the person so appointed has filed in the court of probate making the appointment a certificate . . . appointing the judge of the court of probate . . . to be his attorney upon whom all process in any action or proceeding . . . may be served." Section 52-60(d) states: "Service upon the judge of probate as attorney for the nonresident fiduciary shall be sufficient upon the nonresident fiduciary, and shall be made by CT Page 8775 leaving an attested copy of the process with such judge of probate . . . ."
It is clear that the defendant, as a nonresident seeking to be named executor of the decedent's estate, was required to comply with the requirements of § 52-60. Both the plaintiff and the defendant recognize that the defendant is a resident of California. As an exhibit to his motion to dismiss, the defendant has submitted a photocopy of a notarized appointment form dated January 24, 1997, authorizing the judge of the probate court to accept service for him in this matter. The defendant has therefore complied with the mandatory requirements of §52-60(a). Further, it is submitted that the mode of service is mandated: service "shall be made by leaving an attested copy of the process with such judge of probate . . . ." General Statutes § 52-60d. See Cato v. Cato, 226 Conn. 1, 19, 626 A.2d 734
(1993) (Borden, J., dissenting) (in situations involving service on a nonresident fiduciary, service is required to be made on a local probate judge, who then, in his official capacity, forwards the complaint to the defendant); Smith v. Smith, 150 Conn. 15, 20
n. 1, 183 A.2d 848 (1962) ("In special situations, particular methods of serving process are provided for; e.g., see . . . §§ 52-60 and 52-61, as to nonresident fiduciaries");Morganroth v. Morganroth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 127347 (June 29, 1992, Karazin, J.) (holding that nonresident executor was served "in the manner prescribed by law" where probate judge as served pursuant to § 52-60). Notwithstanding the clarity of §52-60, the plaintiff claims that the service made here under § 52-59b was sufficient. (See sheriff's return dated May 8, 1997). Section 52-59b(a) conveys to the superior court "personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state . . .; or (3) commits a tortious act outside the state causing injury to person or property within the state . . .; or (4) owns, uses or possesses any real property situated within the state." It is clear that even if the court were to find that the guidelines contained in § 52-60 are permissive as the plaintiff argues, the plaintiff has not shown facts indicating that any of the four situations above are applicable in the present case, and so §52-59b(a) does not provide the court with personal jurisdiction over the defendant. See Standard Tallow Corp. v. Jowdy,190 Conn. 48, 53, 459 A.2d 503 (1983) (general rule putting burden of proof on the defendant as to jurisdictional issues raised). Similarly, CT Page 8776 § 52-59b(c) is not applicable because the statute provides for service on "any nonresident individual . . . or his . . . executor;" here, the defendant is executor for the estate of a resident of Connecticut.
In accord with the foregoing defendant's Motion to Dismiss is granted.
WEST, J.