[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUN OF DECISION RE: DEFENDANT RS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT DATED DECEMBER 14, 1998 (#101)
Plaintiff, Dawn Palermo ("Palermo"), filed suit against defendant, P.S. Corporation on December 14, 1998 seeking damages for injuries she allegedly suffered when she slipped and fell on an accumulation of ice and snow in the parking lot of the Meadowbrook Apartments in West Haven, Connecticut. According to Palermo's complaint, the apartments were owned by R.S. Corporation. Service of process was made by Deputy Sheriff John T. Fiorillo on December 16, 1998 to Gary Scapanni, CT Corporation Systems, Statutory Agent for Service for R.S. Corporation at One Commercial Plaza, in the Town of Hartford, County of Hartford.
RS, Inc. moves to dismiss the first count of Palermo's complaint for insufficiency of service of process.
Pursuant to Practice Book § 10-31, "the motion to dismiss shall be used to assert . . . (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687 (1985). "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80 (1989).
RS, Inc. claims that since it does snow plowing at the Meadowbrook Apartments, Palermo presumably intended to bring suit against it, but improperly brought suit against R.S. Corporation instead. RS, Inc. asserts that it and R.S. Corporation are separate legal entities and that Palermo has named and served the wrong company. RS, Inc. claims therefore that because it is not a named-defendant, it has not been properly served and the first count of the complaint should be dismissed.
In Delio v. Earth Garden Florist, Inc., 28 Conn. App. 73
(1992) the appeals court stated that "one who is not served with process does not have the status of a party to the proceeding . . . A court has no jurisdiction over persons who CT Page 3721 have not been made parties to the action before it." (Internal quotation marks omitted.) Id. at 77. Here, RS, Inc. was not served with process. As such, RS, Inc. has not been made a party to this action and the court may not exercise jurisdiction over it.
Accordingly, to the extent that the first count of the complaint is directed at RS, Inc., the motion to dismiss is granted.
So ordered, at New Haven Connecticut this 22nd day of March, 1999.
Robert J. Devlin, Jr. Judge of the Superior Court