[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The named plaintiffs instituted a class action for breach of contract against the defendants, Richard Belzer and Candlewood Theatrical Productions, Inc. The complaint alleges that the defendants sold the plaintiffs tickets for the 1993 Candlewood Playhouse season and then failed to hold any performances. On March 5, 1996, the case was certified as a class action (Leheny, J.). Although the subscriptions were honored by the producers, Gateway Entertainment, the plaintiffs were required to pay an additional twenty dollar fee to secure their seats.
In support of their motion to dismiss for lack of subject matter jurisdiction the defendants argue that since the plaintiffs agreed to forward any reimbursed amounts received through a judgment to Gateway Entertainment, they have no CT Page 9968 interest in the lawsuit, and therefore, no standing. The argument is misplaced. The plaintiffs are clearly the real parties in interest. "A party is entitled to prosecute a civil action as the real party in interest when he or she establishes an actual and justiciable interest in the subject matter of the litigation. A real party in interest is [defined as] one who has a real, direct, actual, material, or substantial interest in the subject matter of the action, as distinguished from one who has only a nominal, formal, or technical interest in, or connection with, the action." The Conroy Development Co. V. Zeller, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 133864 (April 21, 1995, Lewis, J.); see Delio v. Earth GardenFlorist, Inc., 28 Conn. App. 73, 78 (1992).
As purchasers of season tickets with no value, the plaintiffs' class is without doubt the real party in interest in this breach of contract claim. The class clearly has standing to bring this action. In addition, the agreement between the ticketholders and Gateway Entertainment was hardly an assignment of their right to the money award, but merely a promise to pay the reimbursed amount to the new management company honoring their tickets minus the twenty dollar fee. See Mall v. LaBow,33 Conn. App. 359, 362 (1993).
The motion to dismiss is, accordingly, denied.
Moraghan, J.