[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above entitled consolidated cases concern the scope of the legal rights of James Thorsen and Maureen Thorsen (Thorsens) to use the private 50 foot right of way known as Martin Drive in Ridgefield, Connecticut together with the scope of the Thorsens use of a portion of the property of Anne M. Scott and Roger T. Scott that is subject to a use in an existing traveled way connecting Martin Drive as an alternative route to reach the public highway. The locations of Martin Drive and the road over the Scott property are depicted on various maps of record. The fee title to Martin Drive is owned by Martin Drive Corporation, a non-stock corporation.
The relevant facts concerning the Thorsens' property are the following. All of their property plus the Scott's property and Martin Drive were owned by Francis D. Martin (F.D.M.) at one time. In 1963 F.D.M. conveyed 3.733 acres, sometimes referred to as parcel F, "together with the right to the use of the 50 foot right of way as shown on said map, in common with others to whom like rights have heretofore or may hereafter be granted" to his son, Philip L. Martin. (P.L.M.)
In 1975 F.D.M. conveyed Parcel H to P.L.M. and Jane P. Martin "together with the right in common with other to whom like rights have heretofore or may hereafter be granted to the use of Parcel `M' as shown on said map for egress and ingress from the highway known as North Salem Road.
In 1978 F.D.M. conveyed to P.L.M. Parcel "C", 1.437 acres, "together with the right to the use of Rock Court and Rock Road in common with others to whom like rights have (sic) heretofore or may hereafter by transferred, to pass and repass over and across said roads as shown on said map. " "Said roads" does not include Martin Drive. CT Page 12311
The parcels conveyed in 1963 and in 1975 are contiguous to each other and each abuts Martin Drive, also known as Parcel "M".
Parcel "C" conveyed in 1978 does not abut Martin Drive but does about on the northerly side a portion of the parcel conveyed by F.D.M. to P.L.M. in 1963.
In 1976 F.D.M. conveyed to the Scotts Parcel I which abuts Martin Drive "Together with the right to the use of the Right of Way as shown on said map in common with others to whom like rights have hereinbefore or may hereafter be granted and subject to the use by the same to the existing traveled way as shown on said map as the same crosses a portion of said Parcel I as shown on said map until the location of said traveled way is relocated to the Right of Way."
In 1984, the executors of the Estate of F.D.M. deeded the Martin Drive Right of Way to the Martin Drive Corporation.
In 1991 P.L.M. and J.P.M. conveyed to the Thorsens, the three parcels conveyed by F.D.M. in 1963 — 3.269 acres, 1975 — 2.009 acres and 1978 — 1.437 acres a total of 6.715 acres, "together with the right in common with others to whom like rights have heretofore or may hereafter be granted to the use of Parcel "M' as shown on map Number 5483 for egress and ingress from the highway known as North Salem Road and shown as "Right of Way' on Map Number 6077." "Together with the right to use of Rock Court and Rock Road in common with others to whom like rights have heretofore or may hereafter be transferred, to pass and repass over and across roads as shown on Map Number 6077." Note that the 1978 deed had the word "said" between the words "across" and "roads". In 1996 the Thorsens filed a map with the approval of the Ridgefield Planning and Zoning Commission showing a lot with the Thorsen's home containing 4.482 acres and a second unimproved building lot of 2.234 acres that includes Parcel "C" of 1.437 acres.
It was and presumably is the intention of the Thorsens to sell said unimproved lot for the construction of a residence thereon.
Although F.D.M. was the owner of Martin Drive when he conveyed Parcel C to his son in 1975, there has been no evidence to explain why F.D.M. did not grant to his son the right to use Martin Drive for the benefit of Parcel "C", which he had the CT Page 12312 right to do since he was the owner of both the servient and what could have been the dominant estate at the time, but instead only granted an easement to Rock Court and Rock Road. The granting of such an easement in the deed to the Thorsens in 1991 would only be valid if an easement to Martin Drive was appurtenant to Parcel C. There is no deed from F.D.M. granting such an easement for the benefit to Parcel C. There is no evidence of an easement by implication for Parcel C since it has access through the unimproved roads of Rock Court and Rock Road, thus Martin Drive is not reasonably necessary for the use and enjoyment of Parcel C. As to an easement by prescription, there is no evidence of what if any rights of access were exercised by the Thorsens or their predecessors in title to create a prescriptive right to Martin Drive for Parcel C.
We are left with "the doctrine that an easement cannot be made to attach to other land which the owner of a dominant estate may subsequently acquire. This is intended to protect the servient estate from the use of an easement in a manner or to an extent not within the reasonable expectations of the parties at the time of its creation." Carbone v. Vigliotti, 222 Conn. 216,225.
When no significant change has occurred in the use of the easement from that contemplated when it was created, the mere addition of other land to the dominant estate does not constitute an overburden or misuse of the easement. Carbone v. Vigliotti, supra.
In the Carbone case, the court noted that the servient estate contemplated the burden of one two family residence and although additional land was combined with the dominant estate, the burden was still one two family house. In this present case, the use of Parcel C, with its contribution of 64% of the unimproved lot's area, will produce a burden to the servient estate of two residences, instead of the present one.
This is not a case of a subdivision of a dominant estate, for in those cases the extent of the use is still measured by the needs of the land which constituted the original dominant estate.
It is only by the addition of the area of Parcel C that it is possible to create an additional building lot with a contribution of 36% of its area from the original dominant estate. It is the use of Parcel C that converts the Thorsen property from a burden CT Page 12313 of a one family residence to the burden of two one family residences, thus creating a potential for a significant change in the use of the easement from that contemplated from the use of the dominant estate created by the deeds of F.D.M. to P.L.M. in 1963 and 1975. The failure of F.D.M. to grant and the failure of P.L.M. to seek an appurtenant easement to Martin Drive in the 1978 deed to Parcel C adds further weight to the claim that Parcel C was contemplated to be an over burden to the Martin Drive easement.
Based on the foregoing, the Thorsens' have failed to prove their claim of a prescriptive easement to Parcels H and F as alleged in the first count of their complaint.
The Thorsens have proved in the second count of their complaint that they have an easement appurtenant to the parcels described in the 1963 and 1975 deeds from F.D.M. to P.L.M., referred to as Parcels H and F, in Martin Drive and in the existing traveled way across the Scott Property (Parcel I). The Thorsens have failed to prove that they have an easement by express reservation for Parcel C in Martin Drive or in the existing traveled way across the Scott Property (Parcel I). Thus there is no evidence of the interference with the existing rights of the Thorsens based on the allegations of the second count of their complaint.
The Thorsens have failed to prove the allegations of the third count of their complaint claiming an easement by implication for Parcel C, having failed to prove that an easement in Martin Drive is reasonably necessary for the use and enjoyment of Parcel C.
Since the Scotts have not interfered with the Thorsens' easement rights benefitting [benefiting] Parcels H and F that encroach on Parcel I no order need be made in favor of the Thorsens against the Scotts.
No monetary damages are awarded since the Scotts have not interfered with the Thorsens' existing easement rights.
The Martin Drive Corporation and Craig R. Foster and Julie I. Foster (Fosters) have brought a seven count complaint against the Thorsens and Cioffoletti Construction Co., Inc. (Cioffoletti) related to the proposed use of Martin Drive by the Thorsens for the development of their unimproved lot that includes Parcel C CT Page 12314 and their improvement of Martin Drive by extending Martin Drive within the right of way for access to North Salem Road without passing over the Scott property.
The first three counts of the complaint allege that the Thorsens made negligent misrepresentations, fraudulent misrepresentations and fraudulent nondisclosures to the Town of Ridgefield in order to secure a permit from the town to extend Martin Drive within the right of way. The court need not examine the merits of these claims because the Martin Drive Corporation and the Fosters do not have standing to seek a remedy for the Town of Ridgefield for any alleged impropriety by the Thorsens or their agents in securing a permit from the Town. The general rule is that one party has no standing to raise another's rights,Delio v. Earth Garden Florist, Inc., 28 Conn. App. 73, 79. The plaintiffs have not shown an authorization to them by the Town of Ridgefield to pursue the Town's claim, if any, to any impropriety in securing the Town Permit.
The fourth count of plaintiffs' complaint alleges acts of trespass by the defendants or their agents on the property of the plaintiffs.
The Fosters have failed to prove any acts of trespass to their property. It should be noted that there is no evidence in the record as to the nature and extent of the Fosters' property in relationship to Martin Drive. Based on the testimony of the Fosters, it can be assumed that their property abuts Martin Drive, but there is no evidence that Martin Drive encroaches on the Foster property. As to the Foster's claim of trespass against Cioffoletti, there was testimony that Cioffoletti equipment may have been parked along the edge of North Salem Road on the two days of construction, but no credible evidence that the equipment was on the Foster property rather than on the edge of North Salem Road. The Thorsens as noted in the companion case do have a right of way over Martin Drive for that portion of their property originally designated parcels H and F. It was also determined that Martin Drive was incomplete because the former traveled way went over the Scott property instead of continuing on Martin Drive. Martin Drive Corporation as the owner of Martin Drive is the owner of that parcel subject to the servitude of the right of way. The Thorsens as owners of a right of way for their former parcels H and F have a right to repair it and do whatever is reasonably necessary to make it suitable and convenient for their use. Nicholas v. Peek, 70 Conn. 439, 441. The exercise of this CT Page 12315 right cannot be a trespass on the servient estate by the Thorsens, Cioffoletti or their agents, if their improvements were reasonably necessary for the Thorsens use. The court finds that the extension of Martin Drive in accordance with the contemplated accomplishment of such construction as noted in the Scotts' deed was reasonably necessary to make Martin Drive suitable and convenient to Thorsen's use. The claim of trespass of Martin Drive Corporation against the Thorsens and Cioffoletti is without merit. Because the defendants are not trespassers and have acted reasonably in improving the right of way, the plaintiffs do not have a claim for damages. In addition there is no evidence of damages that could be the basis for an award of damages against the defendants if there was a valid claim.
The fifth count of the complaint seeks injunctive relief to prevent the Thorsens from overburdening Martin Drive by using Martin Drive for ingress and egress to the unimproved lot consisting in part of Parcel C. The court concludes that the plaintiff Martin Drive Corporation as the owner of the servient estate will be irreparably harmed if the Thorsens are not prevented from overburdening Martin Drive by using it for egress and ingress to their unimproved lot that does not have an appurtenant easement to Martin Drive. Based on this conclusion the court will enter an order on the fifth count of the complaint in the form of a permanent injunction ordering the Thorsens, their agents, consultants, heirs, estate and successors in interest and any other third party acting in concert therewith or under their direction or control to cease and desist from a further use of Martin Drive as it is now constructed for any purpose other than all uses appropriate to ingress and egress to Parcels H and F presently owned by the Thorsens.
The sixth and seventh counts of plaintiffs' complaint are CUTPA claims against the defendants for there actions in extending Martin Drive within the right of way. As discussed above, the Thorsens had a right as the owner of a dominant estate (Parcels H and F) to make reasonable improvements to the servient estate by its agent Cioffoletti. These actions by the defendants were not unfair or deceptive acts or against public policy, therefore the CUTPA claims are without merit.
The Thorsens have, filed a counterclaim in this matter seeking injunctive relief against the plaintiffs. The evidence is such that the plaintiffs are not interfering with the existing rights of the CT Page 12316
Thorsens in Martin Drive, therefore they are without irreparable harm and no injunctive relief is granted.
For the foregoing reasons judgment may enter in the Martin Drive Corporation v. Thorsens matter in favor of the defendants on the First, Second, Third, Fourth, Sixth and Seventh Counts of the plaintiffs complaint, and the Fifth Count against the Fosters. Judgment may enter in favor of the plaintiff, Martin Drive Corporation, as to the fifth count of the plaintiffs' complaint against the Thorsens by way of injunctive relief in accordance with the order above, related to the fifth count.
Judgment may enter in favor of the defendant, Cioffoletti as to the Fourth and Sixth count of the complaint.
EDWARD F. STODOLINK, J.T.R.