[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
The defendant, Stephen Magid, has moved for summary judgment for the reason, according to the defendant, that the plaintiff has not sued the real party in interest.
The plaintiff has asserted that Magid is the defendant in this case, doing business as the North Carolina Furniture Galleries, L.L.C. The plaintiff asserts that the defendant purchased goods from the plaintiff totaling $3,376.82, and that said sum remains unpaid and is due and owing from the defendant to the plaintiff. CT Page 9075
The defendant claims that the plaintiff has sued the wrong party, as the defendant claims he was never a member, officer, or shareholder of the corporation entitled North Carolina Furniture Galleries, L.L.C. The defendant further claims that he never applied for an account from the defendant, nor did he purchase goods from the plaintiff. The defendant additionally claims he never did any business with the named corporation.
The plaintiff claims that there never has been a corporation or entity named North Carolina Furniture Galleries, L.L.C. registered with the Secretary of State in Connecticut. In addition, the defendant has, and to the plaintiff's knowledge, is still is doing business as North Carolina Furniture Galleries.
The plaintiff, in opposing the defendant's motion for summary judgment, states that it is not claimed that the defendant was an officer, member or shareholder of North Carolina Furniture Galleries, L.L.C. as there never has been an entity in that name registered with the Secretary of State. The plaintiff does claim that the defendant was and is doing business as North Carolina Furniture Galleries, L.L.C., and therefore; is personally responsible for the furniture delivered by the plaintiff to the defendant's business. The plaintiff additionally claims that the defendant has admitted to agents of the plaintiff that the defendant is, in fact, the party responsible for payment of the sum owed to the plaintiff.
The plaintiff further claims that the defendant has not registered a fictitious trade name with the local town clerk pursuant to ConnecticutGeneral Statutes § 35-1, and that the defendant has violated the Connecticut Unfair Trade Practices Act, Connecticut General Statutes§ 42-110b.
The plaintiff claims that there is a material issue of fact in dispute that includes the defendant's liability under Count Two of the plaintiff's Complaint, which is on the basis of unjust enrichment.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must-view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski 206 Conn. 495,500 (1988). The moving party, in this case the plaintiff, has the burden of demonstrating the absence of any genuine issue of material fact. HertzCT Page 9076Corp. v. Federal Ins. Co., supra, 245 Conn. 381. "The opposing party, the defendant, must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case. Suarez v.Dickmont Plastics Corp. 229 Conn. 99 (1994).
The defendant argues that the defendant was merely an employee of North Carolina Furniture Galleries, L.L.C. and therefore, he is not a real party in interest. In determining the real party in interest, courts must look beyond the nominal party whose name appears of record and consider the legal questions raised as they may affect the real party in interest. Paul Yoney, Inc. v. Hospital of St. Raphael, 1992 WL 170616, 4(Conn.Super.) A real party in interest is one who has a real, direct, actual, material or substantial interest in the subject matter of the action, as distinguished from one who has only a nominal, formal or technical interest in, or connection with the action. Id. See also Deliov. Earth Garden Florist, Inc., 28 Conn. App. 73, 78 (1992).
Defendant, in its argument, has admitted that North Carolina Furniture Galleries, L.L.C. exists, by arguing that the defendant was merely an employee. The defendant further argues that he is not the real party in interest.
The plaintiff argues that the defendant discussed a tentative settlement of the claim, and subsequently agreed to send a payment to the plaintiff.
The legal memoranda of law from both the plaintiff and the defendant are replete with charges and countercharges regarding the factual basis of the claim and the legal status of the entity known as North Carolina Furniture Galleries, L.L.C., and the defendant's status with that entity.
The court finds that there are genuine issues of material fact. A "genuine issue" has been described as a "triable," "substantial" or "real" issue of fact which can be maintained by substantial evidence.United Oil v. Urban Redevelopment Commission, 158 Conn. 364, 378 (1969). A "material" fact has been defined as a fact that will make a difference in the result of the case. Genco v. Connecticut Light and Power Co.,7 Conn. App. 164, 167 (1986). Whether the defendant was a member, owner, shareholder, employee of an entity known as, and doing business as, North Carolina Furniture Galleries, L.L.C., is a genuine issue of material fact, suitable to trial and not summary judgment.
Accordingly, the motion for summary judgment is denied. CT Page 9077
The Court
By Arnold, J.