[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO DISMISS #105.00
 I
This court entered an order for prejudgment remedy against the defendants in this case, Tracey E. Young and Elliot Young Associates, Inc. on January 29, 2001. Following the entry of such order, the plaintiff served a summons upon the defendant Tracey E. Young, but not upon the defendant Elliot Young Associates, Inc. The summons was allegedly otherwise defective in several respects, failing to provide the date and place for a filing of an appearance, failing to direct the defendants to answer the complaint, and failing to identify an individual recognized to prosecute. CT Page 5605
Accordingly, the defendants have moved to dismiss this action and the prejudgment remedy previously entered by this court, claiming that this court lacks personal jurisdiction over both defendants due to insufficiency of both process and service of process. The plaintiff objects to this motion on the grounds that because the defendants moved for dismissal more than 30 days following the initial appearance filed on their behalf, they waived the right to assert jurisdictional defects based on the insufficiencies claimed.
 II
Practice Book § 10-8 states: "[c]ommencing on the return day of the writ, summons and complaint in civil actions, pleadings . . . shall first advance within thirty days from the return day. . . ." An appearance was filed on behalf of the defendants on January 16, 2001, for purposes of contesting the prejudgment remedy, and before the civil action was initiated. A motion to dismiss within 30 days of the initial appearance would have been premature because the civil action had yet to be commenced.
The civil action commenced when the complaint was served upon defendant Tracey E. Young on February 20, 2001, and the return date on the summons is March 13, 2001. An appearance was filed on behalf of the defendants on March 23, 2001 and the present motion to dismiss was filed on April 2, 2001. Accordingly, the court finds that the defendants complied with Practice Book § 10-8, filing their motion to dismiss within 30 days of the return day.
Addressing the merits of the motion, General Statutes § 52-45a
provides that "[c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance. . . ." The marshal's return indicates that there was no service upon the defendant Elliot Young Associates and the plaintiff concedes such. "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Citations omitted; internal quotation marks omitted.) Deliov. Earth Garden Florist, Inc., 28 Conn. App. 73, 77, 609 A.2d 1057
(1992).
As to defendant Tracey E. Young, the documents with which she was served were fatally defective in several respects in that they failed to direct "any proper officers' to summon the defendant to appear in this court, did not provide the date by which the defendants needed to file CT Page 5606 their appearances, did not direct the defendants to answer the complaint, and did not provide the name of a person recognized to prosecute. See General Statutes § 52-45b; Practice Book § 8-1
(a). Such defects deprive the court of jurisdiction over the person. SeeCapers v. Lee, 239 Conn. 265, 273 n. 11, 684 A.2d 696 (1996).
 III
Accordingly, the order for prejudgment remedy previously entered by this court and this action are dismissed as to defendants Elliot Young 
Associates and Tracey E. Young.
Matasavage, J.