[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Sandra Beit and Mark Paley, d/b/a Granite Associates, bring this action against the defendants, Robert T. O'Connor, d/b/a RBJ Associates, alleging breach of contract, negligence and unfair trade practices.
The defendant denies the material allegations of each count of the complaint and raises several special defenses.
The following facts are material to the determination of the issues raised by the complaint: The defendant, RBJ Associates, is a partnership that owns apartment houses at 149 Union Street, Bristol, Connecticut. On December 1, 1998, it entered into an agreement to sell the apartment house to Granite Associates, LLC. On December 1, 1998, the plaintiff, Sondra Beit, signed the agreement as manager for Granite Associates, LLC, and the defendant, Robert O'Connor signed as a general partner of RBJ Associates. The agreement provided for a closing within ninety days from the execution of the agreement. On, or about March 16, 1999, Granite Associates, LLC requested extensions of the closing date. This request was denied by the defendant. The closing never took place.
Subsequently, Granite Associates, LLC brought an action against Robert O'Connor, as a general partner in RBJ Associates, the owner of the apartment house at 149 Union Street, Bristol, Connecticut. That action was dismissed by the court on the grounds that the plaintiff, Granite Associates, LLC, had no legal existence, thus, no standing to bring the action. No appeal was taken.
Subsequently, on or about August 1, 2000, the plaintiffs herein, Sondra Beit and Mark Paley, d/b/a Granite Associates, brought this action. The pertinent facts leading to this action follow: The defendant partnership, RBJ Associates, decided to sell the Bristol apartment house. Roger Beit, an investor in and an operator of apartment houses, received information CT Page 16661-c that the apartment house was for sale. He contacted the defendant, Robert O'Connor; they negotiated terms, and the buy/sell agreement, Exhibit 1 was executed. The agreement was drafted by Roger Beit and signed by his wife, Sondra Beit, as manager of Granite Associate, LLC. Mark Paley knew of the proposed purchase but had no involvement in the purchase negotiations, the drafting of the agreement, nor did he participate in its execution. Roger Beit made the decision to have the apartments purchased in the name of the Granite Associates, LLC. He testified that he told his secretary to draft the incorporation documents. No evidence was presented that this was done, nor evidence of the business purpose of the corporation, nor of its officers. Nor was testimony presented by Roger Beit's secretary as to her knowledge of the proposed corporation, its purpose and officers.
Further, the agreement, Exhibit I, provided for a closing date ninety days after the December 1, 1998 execution of the agreement. The plaintiffs presented no credible evidence that they were ready, willing and able to proceed to close on the property as provided for in the agreement.
The plaintiffs point out that the agreement provided for alternative methods of financing the sale at their discretion. They do not indicate that a decision was ever reached as to how the purchase was to be financed. Mark Paley testified, that Roger Beit, and he, had sufficient assets to have financed the purchase without assuming the two mortgages existing on the real estate. No other evidence was presented to support that claim. As to the assumption of the existing mortgages, they point to the requirement in the agreement that the defendant, Robert O'Connor, was to assist the buyer in obtaining the approvals to the mortgage assumptions of the two mortgagees and that O'Connor failed to provide that assistance. On the other hand, the plaintiffs did not show that a request for such assistance was ever made to the defendants.
There is no question that the agreement between the parties provided a closing date which the plaintiffs failed to meet. The court also finds that the plaintiffs' failure to show that they were ready, willing and able financially to carry out the terms of the agreement was the result of the defendants' inaction or refusal to respond to a demand, or request, by the plaintiffs for assistance in negotiating with the two mortgagors of the property, to assume the HUD financing on the property; nor, that the defendants in any way hindered, or prevented, or contributed to the plaintiffs' failure to proceed with the closing as required under the parties' agreement.
A further issue raised is whether the plaintiffs' properly implicated CT Page 16661-d General Statutes § 34-314, with the result that a partnership of the plaintiffs arose by operation of law under General Statutes § 34-314.
Sandra Beits testified that she had no involvement in the Granite Associates, LLC except to sign the agreement at her husband's request. She never was involved in any of the operations, nor did she expect to be. She knew nothing of the business operations of her husband Roger Beit, but nonetheless, would be asked by him periodically to sign papers about which she had no knowledge. She was not involved in any partnership dealings with Mark Paley although her husband did. Any interest in the subject matters of this action was through her husband; thus, she had, at most, only a nominal interest in this action.
Insofar as to the interest of Mark Paley in the subject matter of this action, it may be that his interest, if any, also devolves from any interest that Roger Beit may have in this action. He testified that Roger Beit was negotiating the purchase of the real estate herein involved, but that his, Paley's participation, was limited to a drive-by look at the building involved herein.
Thus, the real party in interest as a plaintiff, Roger Beit, is not a named plaintiff herein. Sadloski v. Town of Manchester, 228 Conn. 79 at 84 (1993).
Therefore, the issue of the plaintiff's standing to bring this action is brought in as a threshold determinant for resolution.
The court finds that both plaintiffs have failed to show a real, direct, actual or material or substantial interest in the subject matter of the action, as distinguished from one who has only a nominal, formal or technical interest in, or connection with the action. Delio v. EarthGarden Florist, Inc. 28 Conn. App. 73, 78 (1992); Sadloski v. Town ofManchester, 228, Conn. 79 at 84.
The plaintiffs also contend that they had entered into the agreement to purchase, with the defendants believing they were members and officials of the Granite Associates, LLC. That when it was determined that this LLC was not in existence, they, the plaintiffs, became a partnership by operation of law, per General Statutes § 34-314. They base this conclusion on their claim that they were associated as co-owners of a business for profit, Sondra Beit, as the manager of the Granite Associates, LLC with Mark Paley.
However, the evidence presented does not support this position of the plaintiffs. Although it is true that Granite Associates, LLC was never a CT Page 16661-e legally organized LLC, no evidence was presented that draft documents for organizing Granite Associates, LLC were ever prepared, let alone presented for recording with the Secretary of State. The only documentation of a connection between the plaintiffs and the Granite Associates, LLC was Sondra Beit's signature, as its manager. No further mention is made of her authority to execute the agreement, or of any corporate office held by her. Nor is there any evidence that Mark Paley was participating with Sondra Beit in a business for profit when the agreement was executed by Sondra Beit. In fact, Sondra testified that she executed the agreement at her husband's request; that she had no prior participation in the development of the agreement with her husband, nor with Mark Paley. This was also true with regard to any information about, or participation in the proposed organization of the Granite Associates, LLC.
Thus, the court finds that General Statutes § 34-314 does not apply herein.
The plaintiffs also contend that they executed the agreement with the intent of financing the purchase by assuming the two notes, and mortgages, existing on the property. That the defendant, O'Connor, would assist them in receiving the approval of HUD for their assumption of the note and mortgage due and owing to HUD, as well as in negotiating with the second mortgage more favorable terms on its note. That O'Connor failed to carry out these promises.
On the other hand, the defendant contends that the plaintiffs presented no evidence that they sought O'Connor's assistance in these matters. Further, there was conflicting testimony by Mark Paley and Roger Beit, as to how the purchase was to be financed. Roger Beit believed the purchase was to be financed through the assumption of the existing mortgages, whereas Paley indicated that the assets which both controlled; i.e. Roger Beit and himself, would permit them to purchase the apartment without the need of other financing.
Paley made this statement as an explanation for the lack of action in approaching HUD for approval of the purchase. Thus, he argues, this financing approach negated the need for any immediate dealings with HUD.
While this may have been considered by the parties as the preferred means of financing the purchase under the parties' agreement, the court finds that no evidence was presented to show that the plaintiffs had, in any way, prepared to utilize this financial approach to consummate the purchaser. CT Page 16661-f
In any case, no financial plan for the purchase was developed and carried out by the plaintiffs before the contract closing date, resulting in the breach of the agreement to purchase by the plaintiffs.
Additionally, the plaintiffs in bringing this action allege that they are a partnership doing business as Granite Associates. That the partnership arose by operation of law by way of General Statutes section34-314, which provides in relevant part ". . . the association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership. "
However, no evidence has been presented that the two plaintiffs herein were in "association . . . to carry on as co-owners of a business." The plaintiff, Sondra Beit, executed the agreement, Exhibit 1, as manager of a non-existent corporation. No ownership interest by her was indicated. Furthermore, she testified she signed that agreement at the request of her husband and had no intention, or expectation of further participation in the operation of the business, nor of involvement with the financing of the purchase, nor of receiving benefits from any profits generated by the business.
With regard to the plaintiff, Mark Paley, his participation in the agreement was limited to being named as one of four people who would execute a written personal indemnification agreement to the defendants for the nonpayment of up to $180,000 required under an agreement with HUD. This indemnification agreement was never carried out.
Thus, there was no evidence presented that Paley did join with Sondra Beit to carry on a business for profit. Therefore, General Statutes § 34-314 was not implicated by the actions of the plaintiffs with a partnership relationship resulting.
Therefore, the court finds that the plaintiffs herein have failed to prove, by a preponderance of the evidence presented to the court, that they were in a valid partnership arrangement to purchase the real estate referred to in the purchase agreement, Exhibit 1. That they were not, as such partners, participants in that agreement, nor were they as such partnership bound by that agreement, nor beneficiaries of it in any way.
The court further finds for the Defendants on all issues raised in plaintiff's complaint.
Thus, it is the judgment of the court that judgment may enter for the Defendants on all counts of the complaint together with the assessment of court costs against the plaintiffs and for the defendant. CT Page 16661-g
___________________ Kremski, JTR CT Page 16661-h